ORIGINAL

D&F

c/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CONTINENTAL INSURANCE COMPANY
and APPLE, INC.,

**MEMORANDUM AND ORDER**
Case No. 06-CV-2408 (FB) (RML)

Plaintiffs,

-against-

MORRISON EXPRESS CORP., LTD.,
MORRISON EXPRESS CORPORATION
(U.S.A.), TRANS AIR LOGISTICS LLC, AFC
SERVICES, d.b.a. UNIVERSAL SALES
AGENTS, INC., FOUR PETE'S SAKE
TRUCKING, INC., C.S. HUTTER TRANSPORT
INC.,

Defendants.
------------------------------------------------------------x

*Appearances*
*For Plaintiffs Continental Insurance Company*
*and Apple Inc.:*
JOHN J. SULLIVAN, ESQ.
Hill Rivkins & Hayden LLP
45 Broadway, Suite 1500
New York , NY 10006

*For Defendants Morrison Express Corp., Ltd.,*
*Morris Express Corporation (U.S.A.), and C.S.*
*Hutter Transport Inc.:*
PETER J. ZAMBITO, ESQ.
Dougherty Ryan Giuffra Zambito & Hession
131 East 38th Street
New York , NY 10016

*For Defendant Trans Air Logistics LLC:*
MARK J. HILL, ESQ.
Mark J. Hill & Associates, P.C.
1515 Market Street
Suite 1710
Philadelphia , PA 19102

**BLOCK, Senior District Judge:**

This subrogation action arises from the loss of computer equipment by a

carrier. As a result of mediation, plaintiffs have released their claims against all defendants.

The only remaining claims are cross-claims for indemnity and contribution between defendants Morrison Express Corp., Ltd, Morrison Express Corporation (U.S.A.) (collectively, "Morrison"), and C.S. Hutter Transport, Inc. ("Hutter"), on the one hand,[1] and defendant Trans Air Logistics LLC ("Trans Air"), on the other. Apple Inc. hired Morrison to ship its goods, and Morrison hired Trans Air, a freight broker, to arrange shipment. The goods were lost while in the possession of Hutter. Both Morrison and Hutter contributed to the settlement with plaintiffs, but Trans Air, a dissolved corporation with no assets, contributed nothing. The cross-claims remain because Trans Air refused to release its cross-claim against Hutter pursuant to the settlement unless Morrison consented to dismissal *with* prejudice of Morrison's cross-claim against Trans Air.

Morrison now moves for dismissal *without* prejudice of its cross-claim against Trans Air. Trans Air, for its part, also seeks dismissal of the parties' cross-claims against each other, but moves for dismissal of Morrison's cross-claim *with* prejudice or, in the alternative, dismissal without prejudice conditioned on Morrison's payment of Trans Air's attorney's fees.

Federal Rule of Civil Procedure 41, *inter alia*, allows the dismissal of a cross-claim "by court order, on terms that the court considers proper. . . . Unless the order states otherwise, [such] a dismissal . . . is without prejudice." Fed. R. Civ. P. 41(a)(2), (c). "Although voluntary dismissal without prejudice is not a matter of right, the presumption

---

[1] Morrison has agreed to indemnify and hold harmless Hutter and represents it in this matter.

in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a

showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l*

*Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted). "Starting a litigation all

over again does not constitute legal prejudice." *Cantanzo v. Wing*, 277 F.3d 99, 110 (2d Cir.

2000).

The Second Circuit has provided a list of factors, called the *Zagano* factors, to

aid courts in determining whether dismissal without prejudice is inappropriate:

> (1) the plaintiff's diligence in bringing the motion, (2) any undue
> vexatiousness on the plaintiff's part, (3) the extent to which the
> suit has progressed, including the defendant's efforts and
> expense in preparation for trial, (4) the duplicative expense of
> relitigation, and (5) the adequacy of the plaintiff's explanation
> for the need to dismiss.

*Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12,

14 (2d Cir. 1990)).

Trans Air has not shown that the *Zagano* factors indicate that dismissal without

prejudice would be inappropriate. (1) Morrison brought its motion to dismiss shortly after

the denial of Trans Air's summary judgment motion, and attempted to secure Trans Air's

consent to dismissal even earlier. *See Fox Indus., Inc. v. Gurovich*, No. 03 CV

5166(SJF)(WDW), 2009 WL 393949, at *5 (E.D.N.Y. Feb. 17, 2009) ("[Plaintiff] was diligent in

bringing the instant motion as [Plaintiff] repeatedly sought Defendants' consent to a

voluntary dismissal of the action (with or without prejudice) since the Court terminated the

preliminary injunction . . . ."). (2) There is no evidence of vexatiousness on Morrison's part,

and Trans Air has not made any allegations of vexatiousness. (3) Although the suit is almost

3

three years old, discovery has been conducted, and a summary judgment motion adjudicated, these facts are not necessarily sufficient to warrant dismissal with prejudice. *See U.S. Underwriters Ins. Co.*, 2006 WL 2038507, at *3 (holding that discovery and adjudication of a summary judgment motion did not entail the suit had "progressed too far" under third *Zagano* factor). Trans Air has not submitted evidence as to how much "effort and expense in preparation for trial" it has expended. *Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649(JFK), 2006 WL 3456521, at *6 (S.D.N.Y. Nov. 30, 2006) ("Despite the advanced stage of litigation that this case has reached, the defendants still must show that they have expended resources in defending the claims that the plaintiff now seeks to dismiss."). (4) Similarly, Trans Air has not predicted how likely re-litigation is, informed the Court how much of the work product created in this litigation is likely to be useful in future litigation, or otherwise offered clues as to how expensive future litigation would be. *See Banco Central De Paraguay*, 2006 WL 3456521, at *6-7 (noting that re-litigation was unlikely, defendants' work could "easily be used in a subsequent, similar action," and defendants had not "addressed the issue of the expense that they might incur as a result of duplicative litigation"). (5) Finally, although Morrison does not offer an explanation for its desire to dismiss, the reason is clear: it has no desire to pursue litigation against a dissolved corporation with no assets. In sum, Trans Air has not defeated the presumption that Morrison's motion to dismiss without prejudice should be granted.

As for attorney's fees, the Second Circuit has said:

> Fee awards are often made when a plaintiff dismisses a suit
> without prejudice under Rule 41(a)(2). The purpose of such

> awards is generally to reimburse the defendant for the litigation
> costs incurred, in view of the risk (often the certainty) faced by
> the defendant that the same suit will be refiled and will impose
> duplicative expenses upon him.

*Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (citations omitted). "However, this does not amount to a bright-line rule" in favor of fee awards. *Global One Commc'ns World Holding B.V. v. Gaul*, No. 01-cv-254 (GLS/DRH), 2008 WL 2783429, at *3 (N.D.N.Y. July 16, 2008). The courts in this circuit appear to be split on the issue of whether an award of attorney's fees requires a showing of bad faith or vexatiousness on the part of the party moving for dismissal. *Compare BD ex rel. Doe v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000) (requiring showing of bad faith or vexatiousness; collecting cases) *with Mercer Tool Corp. v. Friedr. Dick GmbH*, 179 F.R.D. 391, 396 (E.D.N.Y. 1998) (awarding fees despite not finding bad faith or vexatiousness). As referenced above, Morrison has exhibited neither bad faith nor vexatiousness. It should not be forgotten, moreover, that Morrison did not initiate this suit and has done nothing to unnecessarily prolong it since the settlement; therefore, much of Trans Air's expense in defending this action is not attributable to Morrison's actions at all. Trans Air has not offered any reason for an award of attorney's fees, other than the general risk of re-litigation.

Morrison's motion is granted: the cross-claims of Morrison and Hutter against Trans Air are dismissed without prejudice. Trans Air's motion is granted in part and denied in part: Trans Air's cross-claims against Morrison and Hutter are dismissed without prejudice, and Trans Air's alternative motion for attorney's fees is denied.

**SO ORDERED.**

s/FB

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 6, 2009