UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

CONTINENTAL INSURANCE COMPANY and
APPLE, INC.,

                      Plaintiffs,

    -against-

MORRISON EXPRESS CORP., LTD., MORRISON
EXPRESS CORPORATION (U.S.A.), TRANS AIR
LOGISTICS LLC, AFC SERVICES, d.b.a.
UNIVERSAL SALES AGENTS, INC., FOUR PETE'S
SAKE TRUCKING, INC., C.S. HUTTER
TRANSPORT INC.,

                      Defendants.
---------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-2408 (FB) (RML)

*Appearances*:

*For Plaintiffs Continental Ins. Co. & Apple, Inc.*:
JOHN J. SULLIVAN, ESQ.
Hill, Rivkins & Hayden LLP
45 Broadway, Suite 1500
New York, New York 10006

*For Defendants Morrison Express Corp., Ltd., Morrison Express Corp. (U.S.A.), & C.S. Hutter Transp. Inc.*:
PETER J. ZAMBITO, ESQ.
Dougherty, Ryan, Giuffra, Zambito & Hession
131 East 38th Street
New York, New York 10016

*For Defendant Trans Air Logistics LLC*:
MARK J. HILL, ESQ.
Mark J. Hill & Associates, P.C.
1515 Market Street
Suite 1710
Philadelphia, Pennsylvania 19102

**BLOCK, Senior District Judge:**

        On May 7, 2009, the Court dismissed, without prejudice, the cross-claims between defendants Morrison Express Corp., Ltd, Morrison Express Corporation (U.S.A.) (collectively, "Morrison"), and C.S. Hutter Transport, Inc. ("Hutter"), on the one hand, and defendant Trans Air

Logistics LLC ("Trans Air"), on the other; these were the only claims remaining after a prior partial settlement. *See Continental Ins. Co. v. Morrison Express Corp.*, No. 06-CV-2408, 2009 WL 1269701 (E.D.N.Y. May 7, 2009) ("the May 7th Order"). Trans Air had sought dismissal *with* prejudice, or, in the alternative, an award of attorneys' fees; the Court denied both requests in the May 7th Order. Trans Air now moves for reconsideration. "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In order to have been "overlooked," the decisions or data in question must have been "*put before [the court] on the underlying motion . . . .*" *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (emphasis in original, internal citation omitted). A motion for reconsideration cannot be used as a vehicle to "advance new theories or adduce new evidence in response to the court's rulings." *Wechsler v. Hunt Health Sys., Ltd.*, 186 F.Supp.2d 402, 410 (S.D.N.Y. 2002) (internal quotation marks and citation omitted); *see also Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, No. 00-CV-3613, 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004) ("[A] motion for reconsideration does not mean the parties get a 'do over.'").

The May 7th order dismissed the parties' claims without prejudice under the analytical factors set out in *Zagano v. Fordham University* for motions for voluntary dismissals:

> (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

2

*Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)); *see also* May 7th Order at 3-4 (discussing same). The May 7th order concluded that Trans Air had failed to demonstrate that a dismissal with prejudice was warranted under *Zagano*, and also that Trans Air failed to offer "any reason for an award of attorney's fees, other than the general risk of re-litigation." *See* May 7th Order at 3-5.

Trans Air's letter motion for reconsideration does not call the Court's attention to any controlling decisions that it overlooked; rather, it presents two factual circumstances that it argues "present the Court with grounds to rule differently." Letter from Trans Air to the Court, Docket Entry No. 101, at 1 (May 15, 2009) ("the Trans Air Letter"). First, Trans Air's former president and sole shareholder, Lee Grimes, attests that Trans Air incurred $40,054.95 in legal expenses defending this action.[1] *See* Grimes Aff. ¶ 5 (attached to the Trans Air Letter). Second, Trans Air speculates that an attorney who assisted in the representation of Morrison will commence a separate action against Trans Air in New Jersey because the attorney's offices "are regionally close to Trans Air's former business address in Bellmawr, New Jersey and Mr. Grimes' home." Trans Air Letter at 2.

Neither of these considerations was previously presented to the Court; therefore, they cannot have been "overlooked" in the decision on the underlying motion. Regardless, even considering these newly presented facts, the correctness of the May 7th order is not called into question. Trans Air's prediction that it will be sued in New Jersey is not supported by any credible evidence. While the evidence as to Trans Air's significant litigation expenses is deserving of consideration under the third *Zagano* factor, all of the other factors still weigh in favor of dismissal

---

[1] Trans Air dissolved as of May 28, 2006. *See* Grimes Aff., Ex. A (Certificate of Cancellation of the Certificate of Formation of Trans Air Logistics LLC).

without prejudice. Thus, Trans Air's arguments do not "alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

Trans Air lastly contends that the Court misunderstood its position on its request for attorneys' fees as an alternative to a dismissal with prejudice. Trans Air spins its position as "not that Morrison should pay [fees] *now*," but rather that the Court should "*condition* the recommencement of an action against Trans Air on the reimbursement of the fees Trans Air has incurred in this action." Trans Air Letter at 3 (emphases added). This argument contradicts Trans Air's position in its original application, *see* Letter from Trans Air to the Court, Docket Entry No. 99, at 3-4 (Oct. 10, 2008) (seeking unconditional order to "Morrison and Hutter to reimburse Trans Air the attorneys' fees and costs."). Therefore, there was no misunderstanding. Even if there had been, the Court lacks the power to enter the conditional order Trans Air now seeks; Rule 41(d) expressly grants that power to the second forum court, which "may order the plaintiff to pay all or part of the costs of [the] previous action." Fed. R. Civ. P. 41(d)(1).[2]

Trans Air's motion for reconsideration is denied.

**SO ORDERED.**

Brooklyn, New York
August 27, 2009

FREDERIC BLOCK
Senior United States District Judge

---

[2] Assuming *arguendo* that the second action hypothesized by Trans Air comes to pass within the state of New Jersey, the Court notes in passing that the courts of that state have the functional equivalent of the Rule 41(d)(1) power of federal courts. *See* N.J. Stat. Ann. § 4:37-4 ("Costs of Previously Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court, on motion of said defendant made before service of the answer, may make such order for the payment of costs of the action previously dismissed as it deems appropriate and may stay the proceedings in the action until the plaintiff has complied therewith.").

4